## BENNETT v. AIRINGTON.

No. 15824.　Opinion Filed March 13, 1928.

Rehearing Denied April 17, 1928.

(Syllabus.)

**Guardian and Ward—Invalidity of Guardian's Sale of Lands Where Separate Allotments of Two Minors Sold in Lump.**

A joint guardian over two minors, each owning an allotment, makes application to a county court for an order to sell the two allotments, and in said petition does not set out the tract of each particular ward nor the lands of each, an order to sell which is asked, but lumps the two allotments together and asks for an order to sell them as the lands of the two minors. The court makes an order directing the sale in the same manner, not designating the separate tract of the minors, and the notice of sale does not advertise the lands separately as the lands of each ward; the return of sale shows that the lands were sold for a lump sum, without designating the separate tracts of each minor and the amount each brought. In fact, they were not sold separately. The order confirming said sale upon said return confirmed said sale as one tract for a lump sum, and the deed by the guardian to the purchaser was made in the same manner. Held, that such proceeding is an absolute nullity, and conveys no title of the wards in and to said lands.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Luther Airington against J. F. Bennett. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson & Thompson, for plaintiff in error.

Sigler & Jackson, for defendant in error.

CLARK, J., Luther Airington commenced this suit in ejectment against J. F. Bennett on the 11th day of May, 1922, in the district court of Carter county, Okla., for recovery of 20 acres of land allotted to Luther Airington.

The petition alleges that J. F. Bennett purchased 20 acres of land belonging to Luther Airington, together with a portion of the land of Sophrona May Belle Airington, at a guardian's sale, for $280 cash; that the said sale was confirmed by order of the county court of Carter county on the 20th day of June, 1910; that the sale was void for the reason that the land was sold in a hotchpotch without separating the land in said sale proceedings and that said court had no jurisdiction to authorize or confirm such a sale. The exhibits attached to the petition include the probate proceedings and record of the county court relating to said guardian's sale. A demurrer was filed and by the court overruled.

Plaintiff in error, the defendant below, J. F. Bennett, filed his answer to said petition, denying, first, each and every allegation contained therein, and setting up that after competitive bidding, he purchased said 20 acres of land herein at the public sale by the guardian on June 20, 1910, and paid for said 20 acres the sum of $11.20 per acre, or the total sum of $224; that he went into immediate possession of the land on June 20, 1910, and has remained in possession thereof ever since; that he made lasting improvements thereon amounting to $500 and paid taxes thereon amounting to $81.29. The answer alleged, further, that if the 20 acres of land involved herein was sold together with five acres of land belonging to Sophrona May Belle Airington to this defendant, the same was sold at a public guardian's sale thereof in accordance with the law. He also answered further which is immaterial to the case at bar.

To the answer of defendant, Luther Airington filed his reply, denying each and every allegation therein contained and further stating that he received none of the considerations for said land and has none of it on hand and that he is an Indian and this suit is to recover a part of his allotment, and the taxes and improvements and consideration can not be pleaded as a set-off.

Trial was had to the court on June 2, 1924, and the court rendered judgment in favor of the plaintiff, holding such sale void, quieting title in the plaintiff, and adjudicating that the defendant, J. F. Bennett, had no interest in said land.

In due time defendant below, plaintiff in error, brought the cause here for review. Plaintiff in error makes nine assignments of error, which may be considered under one head, and that is, Was the judgment of the county court decreeing said sale and confirming the same legal and valid?

The record discloses that the property of the two minors was sold at a guardianship sale, and the guardianship proceedings disclose that there was no effort on the part of the county court to sell this property as individual property of each minor, but sold it as jointly owned property. Luther Airington owned 160 acres of the land offered for sale and Sophrona May Belle Airington owned 140 acres. The entire 300 was sold together.

This court in the case of Jackson v. Carroll, 86 Okla. 230, 207 Pac. 735, held in the syllabus, paragraph 1:

"A joint guardian over three minors, each minor being a Chickasaw freedman and each owning an allotment, makes application to a county court for an order to sell the three allotments, and in said petition does not set out the tract of each particlar ward nor the lands of each, an order to sell which is asked, but lumps the three allotments together and asks for an order to sell them as the lands of the three minors. The court makes an order directing the sale in the same manner, not designating the separate tract of the minors, and the notice of sale does not advertise the lands separately as the lands of each ward; the return of sale shows that the lands were sold for a lump sum, without designating the separate tracts of each minor and the amount each brought. In fact, they were not sold separately. The order confirming said sale upon said return confirmed said sale as one tract for a lump sum, and the deed by the guardian to the purchaser was made in the same manner. Held, that such proceeding is an absolute nullity, and conveys no title of the wards in and to said lands."

We are, therefore, of the opinion that the case at bar comes clearly within the rule announced in the Jackson-Carroll Case, supra, and the trial court did not commit error in finding for plaintiff, defendant in error. This opinion was filed February 21, 1922, prior to the date of the trial of the case at bar and stated the law of this jurisdiction and the trial court did not commit error in following the principle laid down in this case.

Finding no error, the judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, HUNT, and RILEY, JJ., concur.

Note.—See 28 C. J. p. 1194, §340; p. 1201, §350.