## MOBLEY v. HESTER.

No. 18386.   Opinion Filed Jan. 22, 1929.

Rehearing Denied March 5, 1929.

Sigler & Jackson, for plaintiff in error.

Thompson & Thompson, for defendant in error.

CLARK, J.   This cause presents error from the district court of Carter county, wherein Helen Louise Watkins and Grady Elazor Mobley filed this action against J. W. Hester and G. G. Wickenhizer. Plaintiff Watson dropped out of the suit because her part of the action was barred by the statute of limitations, and the defendant Wickenhizer never appeared.

Trial was had to the court and jury. The jury was discharged. Plaintiff filed his motion for judgment, which was overruled, and a judgment was rendered for the defendant. Motion for new trial was filed, overruled, and plaintiff brings the cause here for review.

This action attacks a guardian's deed executed by one B. E. Mobley as guardian of Grady Elazor Mobley. The record discloses that Grady Elazor Mobley was the owner of 40 acres of real estate and that Helen Louise Watkins, nee Mobley, was the owner of 40 acres, which was allotted to said minors by virtue of being members of the Five Civilized Tribes. On the second day of October, 1908, B. E. Mobley, as guardian, filed a petition in the county court of Carter county to sell said land. The petition described said land as one tract, and did not set out the names of the minors or the land owned by each minor, but described all the property together in a hotchpotch. On the second day of October, 1908, an order was made to sell the property, and all of the land was described as one tract; notice of sale was duly published and all of the land described as one tract; return of sale was made and duly filed October 24th, a notice of hearing of return of sale was given, and described the property as one tract. The order confirming the sale was entered November 7, 1908, and described the property as one tract of land.

The property was sold at private sale. The appraisement does not designate the ownership of either tract of land, but was appraised as one tract.   Guardian's deed was executed, which described the land as one tract of land.

The petition contains several allegations seeking to invalidate the guardian's sale. Evidence was taken on these allegations, but the same will not be considered in this opinion, for the reason that this cause comes squarely within the rule announced in the case of Jackson v. Carroll, 86 Okla. 230, 207 Pac. 735, which holds that a sale of this kind, attempting to sell a minor's property, is an absolute nullity; the first paragraph of the syllabus of which is as follows:

"A joint guardian over three minors, each minor being a Chickasaw freedman and each owning an allotment, makes application to a county court for an order to sell the three allotments, and in said petition does not set out the tract of each particular ward nor the lands of each, an order to sell which is asked, but lumps the three allotments together and asks for an order to sell them as the lands of the three minors.   The court makes an order directing the sale in the same manner, not designating the separate tract of the minors, and the notice of sale does not advertise the lands separately as the lands of each ward; the return of sale shows that the lands were sold for a lump sum, without designating the separate tracts of each minor and the amount each brought.   In fact, they were not sold separately.   The order confirming said sale upon said return confirmed said sale as one tract for a lump sum,

and the deed by the guardian to the purchaser was made in the same manner. Held, that such proceeding is an absolute nullity and conveys no title of the wards in and to said lands."

This was also followed in the case of Bennett v. Airington, 130 Okla. 197, 266 Pac. 451, decided by this court on the 13th day of March, 1928.

We have carefully examined the Jackson-Carroll Case and the Bennett-Airington Case, supra, and believe they announce the right principle of law, and the rule announced in those cases is adhered to and followed.

This being the law of this jurisdiction, it was error for the trial court to enter judgment for the defendant. The cause is therefore reversed and remanded, with directions to enter judgment for the plaintiff, Grady Elazor Mobley, for the recovery of the 40 acres described and allotted to said plaintiff.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, SWINDALL, and ANDREWS, JJ., concur.

HEFNER, J., not participating. CULLISON, J., absent.

Note.—See "Guardian and Ward," 28 C. J. §320, p. 1185, n. 65.